IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

KAREN MCQUADE,

    Plaintiff,

vs

XEROX CORPORATION,                      No.

    Defendant,                          **COMPLAINT**
                                               (Jury Demand)

and

TYRONE PARKER,

Individually and in his representative capacity

    Defendant.

       NOW COMES Plaintiff Karen McQuade, by and through her counsel, and alleges for her Complaint as follows:

## PARTIES

1. Plaintiff Karen McQuade is an adult white female citizen of the United States and the State of North Carolina. Plaintiff is more than forty years of age and is a resident of Holly Springs, North Carolina.

2. At all times material to this action Plaintiff was a Xerox Corporation employee working at various Xerox facilities on the East Coast and thereafter in Raleigh, North Carolina. Plaintiff was employed by Defendant Xerox Corporation for twenty-eight years, beginning in November 1980 and separating from the company in 2009 as a Regional Manager.

3. Defendants are Xerox Corporation and Tyrone Parker, Vice President, Xerox Corporation. Defendant Parker is being sued in his individual and representative capacities. Defendant Xerox Corporation, incorporated in New York and headquartered in Norwalk, Connecticut, does business throughout the United States and in more than 160 countries in the world. At all times material to this action, Xerox Corporation maintained a facility in Raleigh, North Carolina.

4. Xerox Corporation is a $22 billion leading global enterprise for business process and document management.. Xerox is a Fortune 500 company which manufacturers and sells a range of color and black-and- white printers, multifunction systems, photo copiers, digital production printing presses, and related consulting services and supplies in the United States and worldwide. Xerox Corporation has approximately 130,000 employees worldwide.

**JURISDICTION AND VENUE**

5. This is, in part, an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; 42 U.S.C. Section 1981A; 42 U.S.C. Section 1988, Age Discrimination in Employment Act, 29 U.S.C. Section 621 et seq., as amended by the Older Workers' Benefits Protection Act, 29 U.S.C. Section 626 (f) (1994) and the common law of the State of North Carolina.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured by federal law. The Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of North Carolina, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7. Venue is proper pursuant to 28 U.S.C. Section 1391(b) in the United States District Court for the Eastern District of North Carolina, Western Division, wherein Plaintiff resides, Defendants regularly conduct business and where the wrongful conduct occurred.

## NATURE OF THE ACTION

8. This is an employment discrimination action by Plaintiff, a former Xerox Corporation employee, alleging discriminatory conduct against her because of her race, gender and age in connection with the company reductions in force that took place in June 2008.

9. This also is an action under the common law of the State of North Carolina for breach of contract, promissory estoppel, fraud and reckless misrepresentation, fraudulent inducement and breach of good faith and fair dealing.

10. Plaintiff is not presently employed by Defendant Xerox Corporation. The dates of Plaintiff's employment with Defendant Xerox Corporation were 1980 to 2009 Plaintiff's employment was terminated because Defendant did not rehire Plaintiff as Defendants promised and for which Plaintiff bargained.

11. Defendant Tyrone Parker, Vice President, Xerox Corporation, is an African American male.

12. The alleged illegal activity took place in Raleigh, North Carolina.

13. Plaintiff filed charges with the Equal Employment Opportunity Commission in Raleigh, North Carolina regarding Defendants' alleged discriminatory conduct on or about December 17, 2009. A copy of the Notice - of - Right- To- Sue Letter issued by the Equal Employment Opportunity Commission is attached as Exhibit B. This letter was received by Plaintiff on January 22, 2010. Plaintiff has filed this Complaint within ninety (90) days of receipt of the EEOC Notice-of-Right-To- Sue Letter.

## FACTUAL BACKGROUND

14. Plaintiff was a top-performing manager with twenty-eight years of service to Defendant Xerox Corporation. Throughout her career at Xerox, Plaintiff had been consistently recognized for her record of achievement with the company. She regularly received favorable evaluations, positive performance reviews and bonuses. She was repeatedly promoted and received corresponding pay raises. At all times relevant to this action, Plaintiff was a Regional Manager and worked at the Xerox facility in Raleigh, North Carolina.

15. At all relevant times, Defendant Xerox employed in excess of fifteen (15) employees and was further engaged in an industry directly affecting interstate commerce.

16. At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by Defendant

Xerox.

17. Upon information and belief and at all relevant times, Defendant Parker was acting as an agent and employee of Defendant Xerox as a Senior Vice President. Defendant Xerox is therefore liable for the acts and omissions of the Defendant Parker pursuant to the principals of ratification, respondent superior and actual and/or implied agency.

18. At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of her employment with Defendant Xerox.

19. Plaintiff has a history and record of positive performance evaluations and regular promotions, salary increases and bonuses.

20. In December 2006, Defendant Tyrone Parker, Senior Vice President, Xerox Corporation, hired Plaintiff as Regional Manager in Raleigh, North Carolina. Defendant Parker asked Plaintiff to begin her new position immediately. As a result, for several months Plaintiff commuted from Pennsylvania to Raleigh, North Carolina as she performed both her old position as Manager of Technical Services and Support and her new position as Regional Manager. From December 2006 to June 2008 Plaintiff managed a very successful and profitable division reporting to Mr. Parker.

21. In June 2008, Defendant Parker promised to rehire Plaintiff in exchange for her accepting a reduction in force package . Defendant Parker informed Plaintiff of an upcoming Xerox restructuring and the impact it would have on his division. Defendant Parker told her that her position would be affected, but that his decision to select Plaintiff as part of the reduction in force was not related to Plaintiff's performance. Plaintiff was

extremely surprised that she was to be affected by the reduction in force event as were her colleagues that subsequently found out that she was part of the reduction of force.

22. In June 2008 Defendant Parker invited Plaintiff to lunch during which he informed Plaintiff of Defendant Xerox's restructuring and the reduction in force. During lunch Defendant Parker offered to rehire Plaintiff in a new position with Defendant Xerox. in exchange for her accepting the reduction of force package. Defendant Parker knew that Plaintiff had recently relocated to North Carolina and had been employed with Defendant Xerox for twenty-eight years. During lunch Defendant Parker wrote on a restaurant napkin the newly restructured organizational chart explaining to Plaintiff how divisions and reporting functions would change under the restructuring.

23. Defendant Parker circled on the new organizational chart he had drawn on the napkin two jobs that would be available to Plaintiff on her rehire: General Manager and Senior Operations Manager. Defendat Parker represented to Plaintiff that many jobs would be available after the restructuring. Defendant Parker and Plaintiff discussed how she did not want to relocate as she had recently moved to North Carolina. They agreed that her salary and benefits on rehire would be comparable to her current salary and that the two identified jobs were both within that salalry range. Defendant Parker mentioned a third job for Plaintiff on rehire: Manager of Technical Support and Services. Plaintiff and Defendant Parker agreed that being rehired into that position would be the "worst case" scenario because Plaintiff held that job prior to accepting the Regional Manager position. They agreed it would be acceptable only because it was within Plaintiff's salary range. During the lunch, Defendant Parker told Plaintiff to "take the summer off". Plaintiff

understood this to mean that after taking the summer off under the terms of the reduction in force package where she would remain an employee for up to nine months, Defendant Parker would rehire her. During the lunch all pertinent terms of the agreement were discussed and agreed to and Plaintiff accepted Defendant Parker's offer to accept the reduction in force package in exchange for the promise to be rehired.

24. In light of Plaintiff's documented performance as a Regional Manager, her long tenure and consistent record of achievement with the company, and her proximity to retirement, Plaintiff would have never accepted the reduction in force package had she not been expressly promised to be rehired by Defendant Parker.

25. In June 2008, after the lunch where Defendant Parker and Plaintiff entered into the agreement concerning her rehiring, Defendant Parker, Lloyd Buchanan, Xerox Human Resources Officer, and Plaintiff met at the Xerox Raleigh, North Carolina facility to obtain Plaintiff's executed reduction in force documents. Plaintiff brought with her to the meeting the executed reduction in force documents, together with copies of the documents. Plaintiff gave the executed documents to Defendant Parker.

26. Plaintiff reasonably relied upon Defendant Parker's promise to rehire her. Plaintiff did not actively search for other employment within Defendant Xerox or outside of the company as she relied upon Defendant Parker's promise. After twenty-eight years with Defendant Xerox, Plaintiff had many associates with whom she could have networked in order to new employment. She did not do any networking or searching for employment because she relied upon Defendant Parker's offer, promise and

representations. Plaintiff was reasonable in relying on Defendant Parker's offer, promise and representation as he was her manager, he hired her for the Regional Manager position, and she knew of Xerox employees who had been rehired with Defendant Xerox. She also knew that Defendant Parker had the authority to rehire her.

27. From June 2008 until Fall 2009, Defendant Parker remained in contact with Plaintiff to follow up on his promise to rehire her. Emails and telephone records support Defendant Parker's contacts with Plaintiff.

28. In Fall 2009 Plaintiff was informed that a Manager of Technical Support and Services position was open with Defendant Xerox. Plaintiff applied for this position and was rejected.

29. Defendant Parker did not rehire Plaintiff despite his promise to do so, despite their agreement based upon his offer to rehire her and despite her acceptance of the reduction in force package in exchange for his offer. Defendant Parker breached his agreement with Plaintiff.

30. Defendant Xerox knew or should have known about Defendant Parker's offer, promises, representations and actions in handling the reduction in force event. Defendant Parker, as Defendant Xerox's agent, was authorized to make such statements and act in the manner that he did. Defendant Xerox approved of, condoned and ratified Defendant Parker's actions.

31. Although Defendant Parker breached his agreement to rehire Plaintiff, he did rehire a similarly situated African American female Regional Manager who was the only other Regional Manager impacted by the June 2008 reduction in force event. There is no lawful justification for rehiring the African American female Regional Manager and failing to rehire Plaintiff.

32. Plaintiff was not provided the statutorily required amount of time under the Age Discrimination In Employment Act (ADEA) and Older Workers' Benefits Protection Act (OWBPA) to review her reduction in force package which contained waiver of claims language. She was also denied the other statutorily mandated safeguards under those federal laws. As a result, she did not consent to the waiver of claims agreement in a knowing and voluntary manner and it is thus invalid. After being promised to be rehired in June 2008 by Defendant Parker, Plaintiff, in reliance on the promise and having been induced by Defendant Parker's misrepresentations to sign the reduction in force documents, quickly executed the documents, including the claims waiver, and submitted them to Defendant Parker.

33. In September 2008, Plaintiff was informed by Defendant Parker and Sandy Jackson, Defendant Parker's Executive Assistant, that Plaintiff's reduction in force paperwork had been lost and that Plaintiff needed to execute another signature page and return it immediately by facsimile or else she would forfeit all of her benefits. Upon information and belief, it was the last day for the company to obtain Plaintiff's signature on the documents. Plaintiff was only provided a signature page and not a complete copy of the reduction in force package to review and sign.

34. Plaintiff has suffered substantial economic losses due to Defendants' failure to rehire Plaintiff. Plaintiff remains unemployed.

## COUNT I
**(Employment Discrimination)**

35. Paragraphs 1 through 34 are incorporated herein as though fully restated.

36. During her employment with Defendant Xerox, Plaintiff was a member of a class protected under Title VII against gender and age discrimination by Defendant Xerox or by its supervisory personnel.

37. Plaintiff was not rehired by Defendants in breach of Defendant Parker's and Plaintiff's agreement. However, Defendants rehired an African American female Regional Manager that was separated from Defendant Xerox during the June 2008 reduction in force event. There is no lawful justification for rehiring the African American female Regional Manager and not rehiring Plaintiff as promised.

38. Defendants offered special consideration to the African American female Regional Manager. Plaintiff, as a white female Regional Manager, was therefore treated in an unequal manner and unlike similarly situated employees. Said unfair practices discriminated against Plaintiff and denied her equal employment opportunities on the basis of race and gender.

39. Defendants discriminated against Plaintiff on the basis of her age in that she was denied the statutorily mandated safeguards offered when individuals protected by the ADEA and OWBPA enter into waiver of claims agreements. Plaintiff was denied

these protections and, as such, her consent to the reduction in force agreement was not given knowingly or voluntarily. She was not given the requisite amount of time under the relevant federal laws to consider the reduction in force package as she was induced to enter into the agreement by Defendant Parker's fraudulent misrepresentations. As a result of Defendants violations, the claims waiver agreement associated with the reduction in force package was invalid. Defendants violated the ADEA and OWBPA provisions pursuant to U.S.C. Section 626 (f) et seq.

40. Defendants' conduct was a direct and proximate cause of the damages and harm suffered by Plaintiff. Defendants intentionally and/or with reckless indifference engaged in the above stated discriminatory practices against Plaintiff. The intentional and discriminatory conduct was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages.

## COUNT II
### (North Carolina State Law)
### (Breach of Contract/ Promissory Estoppel)

41. Paragraphs 1 through 40 are incorporated herein as though fully restated.

42. Defendant Parker offered/ promised/represented that he would rehire Plaintiff in exchange for her agreeing to be separated from the company in the June 2008 reduction in force event. Defendant Parker made his offer in such a way as to manifest Defendants' willingness to enter into a bargain with Plaintiff. Plaintiff assented to Defendant Parker's offer in such a way as to conclude the bargain.

43. Plaintiff's acceptance of the reduction in force package together with her forebearance in seeking employment and pursuing other opportunities constituted acceptance of and consideration for Defendants' offer.

44. Defendants breached its contract with Plaintiff by its failure to rehire her.

45. Moreover, Defendant Parker and Defendant Xerox expected and/or should have reasonably expected Plaintiff to rely on the promise/offer/representations.

46. Plaintiff relied on the promise/offer/representations to her detriment and harm. Plaintiff's reliance was reasonable. Substantial justice can only be avoided by enforcing the promises made by Defendants.

47. Defendants breach of contract was a direct and proximate cause of the injuries and damages suffered by Plaintiff.

## COUNT III
### (North Carolina State Law)
### (Fraud and Reckless Misrepresentation)

48. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

49. Defendant Parker made representations to Plaintiff that he would rehire her if she accepted the reduction in force package and separate from the company. Defendant Parker knew that Plaintiff had twenty-eight years with Defendant Xerox and was a top performing manager. Defendant Parker had hired Plaintiff as a Regional Manager. Defendant Parker knew that Plaintiff was not ready to retire and would not voluntarily

separate from Defendant Xerox had he not made the offer /promise/representation to rehire her. In connection with his offer/promise/representation to rehire her, Defendant Parker told Plaintiff to "take the summer off", also referring to the benefits under the reduction in force package where Plaintiff would be a Defendant Xerox employee for nine months. Defendant Parker also represented to Plaintiff that there would be plenty of jobs available for her after the restructuring.

50. Defendant Parker's representations were material to Plaintiff's acceptance to the reduction in force package. Defendant Parker's representation to rehire Plaintiff was made falsely to Plaintiff with knowledge of its falsity or with recklessness as to its truth or falsity.

51. Defendant Parker's representations were made with the intent of misleading Plaintiff into relying on them. Plaintiff justifiably relied upon the representations. She did not search for other employment within or outside of Defendant Xerox. She did not take any other action to obtain employment or pursue other opportunities as she relied upon Defendant Parker's representation that he would rehire her. Plaintiff's reliance upon Defendant Parker's representation was justifiable in that Plaintiff knew that Defendant Parker had the authority to rehire individuals and knew that individuals were rehired at Defendant Xerox.

52. Plaintiff was injured as a result of Defendant Parker's false misrepresentation. Plaintiff's injury was proximately caused by her justifiable reliance on Defendant Parker's false misrepresentation.

53. Defendant Xerox knew or should have known that Defendant Parker's representations were false and that Plaintiff justifiably relied upon them to her detriment.

**COUNT IV**

**(North Carolina State Law)**
**(Fraudulent Inducement)**

54. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

55. Defendant Parker fraudulently induced Plaintiff to enter into an agreement wherein she agreed to accept the reduction in force package in exchange for Defendant's Parker's promise/offer to rehire her.

56. Defendant Parker knowing and intentionally made false statements of material fact to Plaintiff. Defendant Parker's false statement to rehire Plaintiff induced Plaintiff to accept the reduction in force package.

57. Plaintiff relied upon Defendant Parker's false statements in that she would have not separated from the company without the promise to be rehired. Plaintiff did not actively search for other employment in further reliance of Defendant's false statements. Plaintiff's reliance was to her detriment. Plaintiff's reliance was reasonable. Plaintiff was injured and suffered damages as a proximate cause of Defendant's fraudulent inducement.

# COUNT V
## (North Carolina State Law)
## (Breach of Duty of Good Faith and Fair Dealing)

58. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

59. Implied in the agreement between Plaintiff and Defendants was an implied duty of good faith and fair dealing

60. This implied duty of good faith and fair dealing was breached by Defendants when Defendants failed to rehire Plaintiff. Defendants acted unreasonably thereby frustrating the fruits of the bargain that the Plaintiff reasonably bargained for and expected. Defendants breached the implied duty of good faith and fair dealing in making the contract to rehire Plaintiff and in failing to perform the contract.. As such Defendants have acted in bad faith and have acted willfully and maliciously.

61. Defendants' conduct amounts to tortious conduct independent of any breach of contract. As such Plaintiff requests punitive damages for this unlawful conduct.

## ADDITIONAL PARTIES/CLAIMS

62. Plaintiff respectfully requests leave to amend her Complaint to add additional parties and/or claims upon completing initial discovery.

## PRAYER FOR RELIEF

63. Plaintiff seeks the following relief:

   A. recovery of back pay

   B. reinstatement to her former position as Regional Manager or a comparable position,

   C. compensatory damages

   D. punitive damages

   E. costs

   F. attorney's fees

   G. and any other relief as may be appropriate.

## JURY DEMAND
Plaintiff requests a trial by jury for all triable issues.


Dated: April 16, 2010.


/s/ Sandra J. Polin

Sandra J. Polin
North Carolina State Bar No. 25824
8204 Resident Circle
Cary, North Carolina 27519
Telephone: 919.883.6583
Facsimile: 919.481.5188

Attorney for Plaintiff