IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-149-FL

| KAREN MCQUADE, Plaintiff, vs XEROX CORPORATION, Defendant, and TYRONE PARKER, Defendant. | ORDER OF CONFIDENTIALITY |
|---|---|

1. This Order shall govern the use and disclosure of all "Discovery Materials," as defined below, that are created or produced in connection with the above captioned action. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of the foregoing.

2. "Confidential Information" shall mean any trade secret, proprietary business information, or other confidential research, development, personal customer information, or commercial information entitled to protection as now or hereafter interpreted by the Courts, attorney work product, and any other confidential information entitled to similar protection under any other law or rule that hereafter becomes applicable to this action. "Confidential Information" also shall mean any information of a particularly sensitive nature containing, including, but not

limited to, non-party personnel records, medical information, or pay and benefits information.

3. "Confidential Discovery Material" shall mean any Discovery Materials that contain Confidential Information.

4. Any party or non-party may designate ("Designating Party") any Discovery Materials as Confidential Discovery Material in the following manner:

a) Answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; or copies, excerpts or summaries of any of the foregoing, may be designated Confidential Discovery Material either by: (i) marking, either before or as the document is produced, the word "Confidential" on each page of the document that contains Confidential Information or (ii) if a document is produced not marked "Confidential," but later determined to be, notifying the other party in writing of the document, such as by identifying the "Bates" number (if such numbers have been placed on that document) of each page of the document that contains Confidential Discovery Material.

b) With respect to depositions or other pre-trial testimony: either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all other parties in writing (and either delivered by hand or transmitted by facsimile) within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony. Counsel for the party-deponent shall affix the word "Confidential" to the first page and all subsequent pages of the original transcript that contain designated material, and to the first page and all subsequent corresponding pages of all copies of such transcript. Only those portions of each transcript designated as "Confidential" in this action shall

be deemed Confidential Discovery Material. All transcripts of depositions or other pre-trial testimony shall be deemed to be Confidential Discovery Material until the end of the thirtieth (30) day after their receipt by counsel for the deponent or witness, or until the parties agree that the testimony is not confidential, whichever period is shorter; and

    c) To the extent that matter stored or recorded in form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the Producing Party and Parties may designate such material as Confidential Discovery Material by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

    d) Any Discovery Materials already produced may be designated as Confidential Discovery Material by providing written notice of same to all parties within thirty (30) days after the execution of this Stipulation. The failure to designate Discovery Materials as Confidential Discovery Material shall not be deemed a waiver of confidentiality so long as the Discovery Materials are so designated by no later than the date established by the Court for the cutoff of discovery.

5. Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this litigation and not for any business or other purpose.

6. Confidential Discovery Material and all copies thereof:

    a) shall be disclosed only to:

        i) the Court;

        ii) attorneys of record in this action and employees of their respective law firms or legal departments, all of whom shall be bound by this Order;

iii) parties to this action who are natural persons and persons employed by or otherwise affiliated with any of the other parties whose knowledge of the Confidential Discovery Material is necessary in order to enable the party by which the person is employed or with which the person is affiliated to prosecute or defend this action effectively, but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A;

iv) persons not employed by or otherwise affiliated with any of the parties who are retained by or on behalf of any of the attorneys of record in this action solely to assist them in the preparation of this case for trial (including, but not limited to, independent accountants, statisticians, economists, and other experts, none of whom shall be competitors or employees of competitors of defendant, but only after each such person has reviewed this Order with the assistance of an attorney of record who has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A;

v) witnesses or any other person for case related purposes, but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A.

b) shall be copied only by attorneys of record, clerical personnel employed by such attorneys or independent copying services engaged by such attorneys subject to an agreement of confidentiality, provided that the attorney engaging any such copying service has no reason to believe that that service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Order.

c) Notwithstanding the foregoing, it is understood that it may be necessary to make disclosures to parties or non-parties of the general content of materials deemed confidential

in order to investigate claims or defenses. Moreover, it may be impractical to require all such individuals to execute nondisclosure documents. Accordingly, the parties agree to work together in good faith to devise appropriate methods by which such disclosures may be made during the course of this litigation and to stipulate to appropriate modifications and exceptions to this Order as occasions warrant. In the event the parties cannot come to terms regarding such disclosure, the party seeking disclosure may object to the designation pursuant to Paragraph 9.

7. This Stipulation and Order has no effect upon, and shall not apply to any producing party's use of its own Confidential Discovery Material for any purpose.

8. The designation of Discovery Materials as Confidential Discovery Material pursuant to Paragraph 4 of this Order shall not constitute a ruling that those materials actually contain Confidential Information.

9. If a party, or a non-party that produced documents or things or gave a deposition upon oral examination or written questions, concludes that Discovery Materials or portions thereof designated Confidential Discovery Material by any other party or non-party do not actually include Confidential Information and therefore do not warrant the protection claimed for them under this Order, it may so notify all parties and any concerned non-party in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality. If it is not possible to resolve the objection within fifteen (15) days after service of the notice, then the designated Discovery Materials shall continue to be Confidential Discovery Material under this Order until such time as the Court has ruled on the Designating Party's immediate motion to file such documents under seal. A party (individually or through its agent) may disclose Confidential Information that pertains to that party without

compliance with the terms of this Order.

10. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the Court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

11. By stipulating to this Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Order on the grounds that those Discovery Materials contain especially sensitive Confidential Information.

12. The provisions of this Stipulation shall not terminate at the conclusion of this action. Within ninety (90) days after the conclusion of the above-captioned action, including

exhaustion of all appeals, the Receiving Party shall, at its cost, either destroy Confidential Information received during said action, or if it chooses to maintain such information, the Receiving Party shall, at its cost, destroy such Confidential Information at the end of three years and six months following such conclusion of said action. However, the Producing Party may instead request the return of all of the Producing Party's documents which contain Confidential Information to the Producing Party, including all copies of such documents which may have been made, but not including any notes or other attorney work product. Notwithstanding the foregoing, it shall not be a violation of this Order for a Party to continue to retain Confidential Information, the retention of which is required by law.

13. If any party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Materials designated Confidential Discovery Material, it shall serve reasonable advance notice thereof on all other parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

14. The inadvertent or unintentional disclosure by either party of Confidential Information that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party to which the information was disclosed shall not be held to have violated this Order because it did not treat that information as confidential between the time it was disclosed and the time that the party that disclosed it notified the other party that such information is Confidential Information.

-7-

Case 5:10-cv-00149-FL Document 44 Filed 02/01/11 Page 7 of 9

SO ORDERED:

_____
Honorable Louise Wood Flanagan
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-149-FL

| | |
|---|---|
| KAREN MCQUADE, <br>                    Plaintiff, <br> vs <br> XEROX CORPORATION, <br>                    Defendant, <br> and <br> TYRONE PARKER, <br>                    Defendant. | ORDER OF CONFIDENTIALITY |

## **EXHIBIT A**

It has been explained to me by _____ (Attorney) that I am being shown materials that are subject to a confidentiality order in Civil Action No. _____, _____ v. *Xerox Corporation*. I have reviewed the confidentiality order entered by the Court on _____, 2010. The attorney listed above has advised me that I am not permitted to make disclosure of such material to any other person or entity and that if I do so, I may be subject to court-imposed sanctions.

Dated: _____        Signed: _____

                                                                 Name: _____